**Donald L. PEVSNER, Plaintiff-Appellant,**

v.

**EASTERN AIR LINES, INC.,
Defendant-Appellee.**

No. 73-2959.

United States Court of Appeals,
Fifth Circuit.

May 10, 1974.

---

John R. Barrett, Maurice M. Diliberto, Miami, Fla., for plaintiff-appellant.

William G. Bell, Jr., Miami, Fla., E. Smythe Gambrell, Thomas W. Rhodes, Atlanta, Ga., Laurence A. Schroeder, Miami, Fla., for defendant-appellee.

Before DYER, MORGAN and RONEY, Circuit Judges.

PER CURIAM:

Donald L. Pevsner, both individually and on behalf of a class, sued Eastern Air Lines for damages for overcharges arising from Eastern's misapplication of certain Civil Aeronautics Board rules in computing interline air fares. Specifically, Pevsner is suing for a $9.00 overcharge by Eastern in its computation of his air fare from Miami, Florida, to Flint, Michigan. The District Court, deferring by stipulation the class action question until after disposition of the defendant's motion to dismiss, dismissed the suit holding that the Federal Aviation Act, 49 U.S.C.A. § 1373, implied no private cause of action for airline fare overcharges. We affirm but on the ground that Pevsner has no standing to sue because an examination of the record discloses irrefutably that he has suffered no injury.

There was no published air fare for Pevsner's flight from Miami to Flint, Michigan, which involved two airlines: Eastern Air Lines from Miami to Detroit and North Central Air Lines from Detroit to Flint. The respective air fares were $86 and $16 totaling a $102 charge for the entire trip utilizing the Civil Aeronautics Board's "sum-of-the-fares" computation method. The $102 fare was an overcharge, however, because Eastern maintained a published air fare of $93 to Saginaw, Michigan, a city along the same air route but beyond Flint. Under C.A.B. Tariff Rule 85, the correct air fare for the flight from Miami to Flint could be no more than a published air fare flight to a city beyond the destination on the same air route. Under this rule Eastern was allowed to charge only $93 for the flight to Flint.

At the time Pevsner purchased his ticket he charged the $102 air fare to his BankAmericard account. He signed a Universal Credit Card charge form, routinely used by Eastern, which obligated him to pay for the ticket "when billed" and in the amount "reflected in applicable tariffs." Four days later but prior to receiving his BankAmericard statement billing him for the flight, he filed suit to recover the overcharge. When he did receive that statement, however, only the correct air fare for the flight from Miami to Flint, $93, had been charged to his account. Pevsner then directed BankAmericard to increase his account by $9.00 but the company refused, leaving him with a $9.00 credit balance after his payment of $102.00. Pevsner did not at any time request an adjustment from Eastern. We can only speculate that after being sued, Eastern adjusted the charge before billing BankAmericard.

■■ A party who cannot show injury has no standing to sue. U.S. Const., Art. 3, § 2; Ex parte Levitt, 302 U.S. 633, 58 S.Ct. 1, 82 L.Ed. 493 (1937); Troutman v. Shriver, 417 F.2d 171 (5th Cir. 1969). See Association of

Data Processing Service v. Camp, 397 U.S. 150, 152, 90 S.Ct. 827, 25 L.Ed.2d 184 (1970). Pevsner's attempt to get BankAmericard to charge more than Eastern billed does not provide that standing because BankAmericard did not honor his request and because even then Pevsner's injury would be self-inflicted. Since Eastern has been paid only the correct air fare and Pevsner was billed for the correct air fare, Pevsner has suffered no injury and the case was properly dismissed and judgment for Eastern is affirmed.[1]

1. After commencement of this suit in the court below, a series of similar lawsuits were filed against Eastern and other defendants in the United States District Courts for the Western District of Pennsylvania, Central District of California, Eastern District of California, Northern District of California and Southern District of New York. Pursuant to 28 U.S.C. § 1407, the Judicial Panel on Multidistrict Litigation, upon its determination that common issues of law and fact were involved in all of the cases, ordered transfer of the affected cases to the United States District Court for the Central District of California. Several weeks before the order of transfer, the court below dismissed this suit and it is presently unaffected by the order of transfer.